UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael McEarchen, | ) | C/A No. 8:24-cv-3176-JFA-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Joseph/FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is an action filed by an inmate, proceeding *pro se*, seeking habeas corpus relief under 28 U.S.C. § 2241. Petitioner is in the custody of the Federal Bureau of Prisons ("BOP"). Under the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Respondent has filed a Motion to Dismiss or, in the alternative, for Summary Judgment ("Motion for Summary Judgment"). ECF No. 18. Petitioner has not filed a response. For the reasons below, this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or, in the alternative, for Petitioner's failure to exhaust his administrative remedies.

## BACKGROUND

When Petitioner commenced this action, he was incarcerated at the Bennettsville Federal Correctional Institution ("Bennettsville) in South Carolina. ECF No. 1 at 1. Petitioner is now incarcerated at the Lee United States Penitentiary ("Lee") in Virginia.[1] *See* ECF No. 21 (court

---

[1] In a Declaration submitted in support of Respondent's Motion for Summary Judgment, a legal assistant at the BOP noted Petitioner was "designated for transfer to another facility, and is currently housed at the Federal Transfer Center in Oklahoma City, Oklahoma." ECF No. 18-1 at 1 ¶ 3. Petitioner did not provide the Court with any notice of change of address as to his incarceration at that facility.

1

only entry) (clerk staff note explaining Petitioner's father called to inform the Court that Petitioner's new address is at Lee); *see also* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/ (search by Petitioner's first and last name) (last visited on Feb. 27, 2025). Petitioner did not, however, provide the Court with written notice of his updated address, despite being instructed to do so on numerous occasions and being warned that failure to do so may result in this action being dismissed. *See* ECF Nos. 8; 13; 23; 30. By Order dated January 24, 2025, the Court directed the Clerk to update the address on the docket to reflect Petitioner's current address at Lee and again warned Petitioner that this case may be subject to dismissal if Petitioner did not keep the Court apprised of his address, in writing. ECF No. 30 (explaining "Petitioner has already missed deadlines, and the Court is concerned that filings from the Court and from Respondent are not reaching Petitioner").

A brief procedural history of this case is warranted. Petitioner filed his Petition while incarcerated at Bennettsville. ECF No. 1 at 1. The Court issued a Proper Form Order on September 19, 2024, which was mailed to Petitioner at Bennettsville. ECF Nos. 8 (Proper Form Order); 9 (docket notation that the Order was mailed to Petitioner at Bennettsville). The Proper Form Order contained the following notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**250 East North Street, Suite 2300, Greenville, South Carolina 29601**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

ECF No. 8 at 2 (emphasis in original). After Petitioner filed the necessary information and paperwork to bring the case into proper form, the Court issued an Order authorizing service of the Petition on Respondent (the "Serve Order"). ECF No. 13. The Serve Order contained the same warning quoted above regarding Petitioner's obligation to keep the Court informed, in writing, as to any change of address. *Id*. at 2–3. The Serve Order was mailed to Petitioner at Bennettsville. ECF No. 14 (docket notation that the Order was mailed to Petitioner at Bennettsville).

On December 5, 2024, Respondent filed its Motion for Summary Judgment. ECF No. 18. That same day, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (a "*Roseboro* Order"), advising Petitioner of the need for him to file an adequate response to the Motion for Summary Judgment and that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending this case. ECF No. 19. The *Roseboro* Order directed that Petitioner's response to the Motion for Summary Judgment was due by January 6, 2025. *Id*. The *Roseboro* Order was mailed to Petitioner at Bennettsville on December 5, 2014. ECF No. 20 (docket notation that the Order was mailed to Petitioner at Bennettsville). On December 10, 2024, someone stating that he was Petitioner's father called the clerk's office to explain Petitioner had been transferred to Lee. ECF No. 21 (court only entry). Petitioner did not, however, advise the Court in writing as to his change of address to verify this information. On December 16, 2024, the Court's *Roseboro* Order was returned as undeliverable with a notation "RETURN TO SENDER, INDIVIDUAL NO LONGER AT THIS ADDRESS." ECF No. 22 at 1. That same day, the Court entered the following Text Order:

> Petitioner is ordered to always keep the Clerk of Court advised in writing (250 East North Street, Suite 2300, Greenville, South Carolina 29601) if his address changes for any reason, so as to assure

3

> that orders or other matters that specify deadlines for him to meet will be received by him. If as a result of his failure to comply with this Order, Petitioner fails to meet a deadline set by this Court, Petitioner's case may be dismissed for violating this Order. Therefore, if Petitioner has a change of address before this case is ended, he must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases he has filed with this Court. Petitioner's failure to do so will not be excused by the Court. IT IS SO ORDERED.

ECF No. 23. The Text Order and the Court's *Roseboro* Order, along with a change of address form, were mailed to Petitioner at Lee on December 16, 2024. ECF No. 24 (docket notation that the documents were mailed to Petitioner at Lee). Despite the Court having mailed the *Roseboro* Order to Petitioner at both Bennettsville and Lee, he failed to file a response to Respondent's Motion by the deadline of January 6, 2025. Because Petitioner had not provided written notice that his address had changed from Bennettsville to Lee, the Bennettsville address remained on the docket.

On January 24, 2025, after Petitioner failed to file a response to Respondent's Motion for Summary Judgment by the deadline, the Court entered an Order providing Petitioner twenty-one additional days, until February 14, 2025, to file a response to Respondent's Motion. ECF No. 27. In that Order, the Court noted the issues with Petitioner's address and again Ordered Petitioner to advise the Court in writing of his current address and that the failure to do so could subject the case to dismissal. *Id*. The Order was mailed to Petitioner at Bennettsville. ECF No. 28 (docket notation that the Order was mailed to Petitioner at Bennettsville). That Order was returned to the Court as undeliverable on February 18, 2025. ECF No. 33.

On February 7, 2025, the Court received a Motion for Extension of Time from Petitioner. ECF No. 29. That Motion was dated January 2, 2025. *Id*. at 2. In the Motion, Petitioner requested

4

an extension of 45 days, or until February 16, 2025, to file a response to Respondent's Motion. *Id*. at 1–2. The Motion listed Petitioner's address as Lee. *Id*. at 2 (listing Petitioner's address as USP Lee, PO Box 305, Jonesville, VA 24263). The Motion was found as moot as the Court had already extended the time for Petitioner to file a response to Respondent's Motion for Summary Judgment. ECF No. 31 (finding Petitioner's Motion as moot and noting Petitioner's response to the Motion for Summary Judgment was due on February 14, 2025). By Order dated February 7, 2025, the Court instructed the Clerk to update the docket to reflect Petitioner's current address at Lee and again advised Petitioner to provide the Court written notice of any change of address and that any future failure to do so will subject this case to dismissal. ECF No. 30.

## ANALYSIS

**Dismissal under Rule 41(b)**

It appears to the Court that Petitioner has abandoned this matter. This case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Petitioner has not filed a response to Respondent's Motion for Summary Judgment despite being given multiple extensions of time and numerous warnings about the consequences if he failed to respond. Petitioner also was instructed numerous times to provide the Court with an updated address, which he has not done. Thus, he has failed to comply with Orders of this Court.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing

*Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Petitioner has allowed multiple deadlines to pass without filing any responses. Because Petitioner is proceeding *pro se*, he is personally responsible for this failure. In this Court's *Roseboro* Order dated December 5, 2024, the Court clearly stated that if Petitioner failed to file a response to Respondent's Motion for Summary Judgment, "**the court may grant the respondent's motion, which may end your case**." ECF No. 19 at 1 (emphasis in original). In this Court's Order dated December 16, 2024, Petitioner was warned: "If . . . Petitioner fails to meet

6

a deadline set by this Court, Petitioner's case may be dismissed for violating this Order." ECF No. 23. In this Court's Order dated January 24, 2025, Petitioner was warned as follows:

> Petitioner shall have through February 14, 2025, to file a response to Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Petitioner is advised that if he fails to respond, the undersigned will recommend that the district court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

ECF No. 27 at 2. Despite these repeated warnings by the Court, along with others, Petitioner has failed to file a response to Respondent's Motion for Summary Judgment. Because Petitioner did not file a response to Respondent's Motion, and has failed to provide the Court with an updated address at which he receives his mail, it appears to the Court that Petitioner wishes to abandon his case. As Petitioner has already ignored multiple Court Orders and deadlines and has failed to keep the Court apprised of his current address, the Court concludes that action less drastic than dismissal would not be effective.

**Dismissal for Failure to Exhaust**

Even if the Petition were not subject to dismissal under Rule 41, the Petition is subject to dismissal because Petitioner has failed to exhaust his administrative remedies prior to filing suit. In the Motion for Summary Judgment, Respondent argues it is entitled to judgment because Petitioner failed to exhaust his administrative remedies prior to filing his Petition and that Petitioner is not entitled to prior custody credit pursuant to 18 U.S.C. § 3585. ECF No. 18 at 1.

Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring

7

exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice.") (citations omitted). The requirement of exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The BOP has a multi-step administrative grievance process, including an informal resolution process. *See* 28 C.F.R. §§ 542.10 *et seq.*; BOP Program Statement 1330.18, Administrative Remedy Program. An inmate may complain about any aspect of his confinement by first seeking to resolve the matter informally at the institution by filing a Form BP-8. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden within twenty calendar days after the condition at issue arose by filing a Form BP-9. 28 C.F.R. § 542.14. The matter is investigated, and the inmate then receives a written response. *See id.* If dissatisfied with that response, the inmate may appeal to the Regional Director within twenty days by filing a Form BP-10. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the Central Office within thirty days by filing a Form BP-11. *Id.* An appeal to the Central Office is the final level of agency review. *Id.* Thus, a claim has not been administratively exhausted until it has been filed with the Central Office. *See id.* If, during this process, the inmate does not receive a response to his form in the allotted time frame, including any extensions, the inmate may consider his request denied and appeal to the next level. 28 C.F.R. § 542.18.

In the present case, Respondent argues Petitioner failed to exhaust his administrative remedies as the claims in the Petition. ECF No. 18 at 10. Respondent provides a summary of the steps Petitioner took in exhausting his administrative remedies and explains that Petitioner did not exhaust all required steps in the administrative remedy process. *Id*. Respondent has attached to the Motion for Summary Judgement the Declaration of J. Carter, a legal assistant with the BOP, which details Petitioner's steps in exhausting his administrative remedies and his failure to complete all steps in the process. ECF No. 18-1 at 1–2. Carter attached to the Declaration a copy of Petitioner's SENTRY Administrative Remedy history to support the explanation in the Declaration. *Id*. at 3–6.

The unrebutted evidence in the record demonstrates that Petitioner failed to exhaust his administrative remedies prior to filing the Petition. *See Solorzano-Cisneros v. Zych*, C/A No. 7:12-cv-00537, 2013 WL 1821614, at *2 (W.D. Va. Apr. 30, 2013) (dismissing § 2241 petition where the petition "has not stated any facts or offered documentation contradicting respondent's evidence that he had not exhausted his administrative remedies before filing his § 2241 petition"). Accordingly, the Petition should be dismissed for failure to exhaust. *See, e.g.*, *United States v. Odiana,* 7 F.3d 227, 227 (4th Cir. 1993) (holding administrative exhaustion is required prior to filing a § 2241 petition); *United States v. Mercado,* 37 F. App'x 698 (4th Cir. 2002) (approving dismissal of § 2241 petition for failure to exhaust BOP's administrative remedies prior to filing).

**RECOMMENDATION**

Based on the foregoing, **IT IS RECOMMENDED** that this case be dismissed for lack of prosecution under Rule 41(b) or, in the alternative, for failure to exhaust. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

February 27, 2025
Greenville, South Carolina

*The parties are directed to the important notice on the next page.*

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).