IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael McEarchen,<br><br>Petitioner,<br><br>v.<br><br>Warden Joseph/FCI Bennettsville,<br><br>Respondent. | C/A No. 8:24-cv-3176-JFA-WSB<br><br><br>**ORDER** |

## I.   INTRODUCTION

Michael McEarchen ("Petitioner"), proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge conducted an initial review of Defendant's motion for summary judgment (ECF No. 18). After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the petition is subject to dismissal. (ECF No. 46). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report. (ECF No. 56). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 46). In short, Petitioner filed this action to request that time spent in state custody be credited towards the federal sentence Petitioner is currently serving. The Report concluded that Petitioner's claim lacked merit and recommended summary judgment be granted for the Respondent. In response, Petitioner has enumerated four separate objections. Each is addressed below.

In his first objection, Petitioner argues that the Magistrate Judge "unreasonably refused to apply the proper standard of review." (ECF No. 56-1, p.1). In this objection, Petitioner appears to argue that the Magistrate Judge applied the improper legal standard utilized in assessing claims pursuant to a motion for summary judgment. (ECF No. 56-1, p. 4). Petitioner is mistaken. A review of the Report indicates that the Magistrate Judge

3

recited the appropriate standards applicable to a motion for summary judgment and went on to apply those standards correctly. The Report shows that the Magistrate Judge thoroughly considered each piece of evidence presented, construed it in a light most favorable to the Petitioner, and was left with the inescapable conclusion that the petition lacked merit. Petitioner's argument points to no specific piece of evidence or analysis which he believes to be flawed. The court has conducted a fulsome review of the record and the Report and finds no error. Accordingly, this objection is overruled.

Within his second objection, Petitioner avers that the Magistrate Judge "unreasonably refused to apply clearly established federal law." (ECF No. 56-1, p. 2). Petitioner's argument states that a district court may not unreasonably extend a legal principle from the applicable precedent to a new context where is should not apply or unreasonably refuse to extend that principle where it should apply. (ECF No. 56-1, p.5). The court agrees with this proposition. However, Petitioner's argument provides no reference to the Report or any specific portion of its analysis. Accordingly, the court has not been notified of any improper application of the law. The court reviewed the Report and notes no erroneous applications of the law to the facts presented. Accordingly, this objection is overruled.

Petitioner's third objection states that the Magistrate Judge "unreasonably refused to do an independent obligation to look for clearly established federal law for relief for Petitioner's relief." (ECF No. 56-1, p. 2)(written as it appears in the original). Petitioner again argues that the Magistrate Judge did not undertake an independent review of the record when granting summary judgment. The court disagrees. The Report includes a

4

thorough and detailed analysis of the procedural history relevant to this action along with a comprehensive review of the law as it applies to those facts. Petitioner provides no reference to the Report and no citation to any set of facts he believes were improperly reviewed. Accordingly, this objection is overruled.

Petitioner's final objection states that the Magistrate Judge "violated the substantive due process rights of petitioner as identified by the government function linked to Petitioner's private interest to have his Georgia State convictions tolled concurrently with his federal sentence or his federal sentence tolled concurrently with his Georgia State conviction." (ECF No. 56-1, p. 2)(written as it appears in the original). Apart from this statement, Petitioner does not explain how his due process rights were violated. Conversely, the Report outlines the numerous opportunities provided to Petitioner in adjudicating his request which culminated in the instant motion. That motion was fully briefed and analyzed by the Magistrate Judge. Petitioner's baseless assertion to the contrary is without merit. This objection is overruled.

## IV.  CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 46). For the reasons discussed above and in the Report, Respondent's motion for summary judgment (ECF No. 18) is granted and the Petition is denied.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

November 6, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."